Entered on Docket
August 05, 2015
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

The following constitutes
the order of the court. Signed August 5, 2015

*M. Elaine Hammond* (signature)

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Fareed Sepehry-Fard,<br><br><br><br>Debtor(s). | Case No. 15-50791 MEH<br><br>Chapter 13 |
| Fareed Sepehry-Fard,<br><br>Plaintiff.<br><br>v.<br><br>Select Portfolio Servicing Inc., et al.,<br><br>Defendants. | Adv. No. 15-5048<br><br>Case Management Conference<br><br>Date: July 23, 2015<br>Time: 3:30 p.m.<br>Ctrm: 3020 |

## ORDER DISMISSING ADVERSARY PROCEEDING

A case management conference was held July 23, 2015 in the above-captioned adversary case. Debtor appeared in pro per. Sam Geshgian appeared on behalf of Capital One, N.A. Bernard Kornberg appeared on behalf of Greenpoint Mortgage Funding, Inc., Nationstar Mortgage, LLC and U.S. Bank. Anthony Passaretti appeared on behalf of Select

Portfolio Servicing, Inc. ("Select") and the Bank of New York Mellon.[1] For the reasons that follow, the court will dismiss this case *sua sponte*.

Background

Debtor initiated his underlying chapter 13 case on March 10, 2015. On May 6, 2015, Debtor filed this adversary complaint. One week later, the Chapter 13 Trustee filed a motion to dismiss the underlying case because Debtor's unsecured debts exceed the chapter 13 debt limits of 11 U.S.C. § 109(e). Based on that motion, the court dismissed the case on June 22, 2015.

The adversary parties have a significant history of litigation.[2] Debtor filed a district court complaint against the defendants on November 20, 2014. That case was dismissed on March 10, 2015—the date Debtor filed his chapter 13 petition. In its dismissal order, the district court found that Debtor's foreclosure-related claims against the defendants were barred by the doctrine of res judicata. The court noted that the case was Plaintiff's eighth foreclosure-related lawsuit. Based on his conduct in the prior proceedings and in the case before the court, the court declared Plaintiff a vexatious litigant, ordering that:

> Fareed Sepehry-Fard must obtain leave before filing any action in the United States District Court for the Northern District of California related to the foreclosure on his property located at 18314 Baylor Avenue, Saratoga, California 95070.

---

[1] The Bank of New York Mellon fka the Bank of New York as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2005-62 Mortgage Pass-Through Certificates, Series 2005-62.

[2] The court has reviewed the request for judicial noticed filed by defendant Countrywide Home Loans, Inc. (Dkt #31) and hereby takes judicial notice of the Order Granting Defendants' Motions to Dismiss, Denying Plaintiff's Motion to Recuse and Declaring Plaintiff a Vexatious Litigant issued in *Sepehry-Fard v. Select Portfolio Servicing, Inc., et al.*, No. 5:14-cv-05142-LHK (N.D. Cal. March 10, 2015).

The instant complaint raises an objection to Select's proof of claim,[3] seeks an accounting on Debtor's mortgage and asks the court to void Select's lien and find it in violation of the automatic stay.[4] In essence, Debtor challenges assignments of his mortgage against the Baylor Avenue property. He further objects to the amounts set forth in the proof of claim. Finally, he challenges Select's standing as a creditor in this case.

Discussion

While bankruptcy courts have discretion in whether to retain jurisdiction over an adversary proceeding after the debtor's underlying bankruptcy case is dismissed, they are generally reluctant to do so. In deciding whether to retain jurisdiction in such a case, courts weigh the factors set forth in *In re Carraher*: (1) economy, (2) convenience, (3) fairness and (4) comity. *Carraher v. Morgan Electronics, Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir. 1992). Applying those factors here, the court finds that the circumstances warrant dismissal.

Economy

Debtor's chapter 13 case and this adversary proceeding are both newly-filed cases. The court has no special familiarity with the facts or the parties. Moreover, any decision issued in the case would have no effect on the administration of Debtor's closed chapter 13 case. Because claims will not be administered in the case, a determination in Debtor's favor on his allegations against Select would be fruitless. Considerations of judicial economy weigh against retaining jurisdiction.

////

////

---

[3] The complaint purports to object to Proof of Claim #1 but apparently relates to Proof of Claim #4.

[4] In support of this request, Debtor alleges that SPS's filing of the proof of claim violated the automatic stay—an argument without merit on its face.

Convenience

There is no basis to find that this court provides significant convenience for the parties. All of the named defendants have moved to dismiss the case. Plaintiff has demonstrated that he is willing and able to litigate in other, more appropriate venues. The court finds that another forum would be equally convenient for the parties. This factor weighs against retaining jurisdiction.

Fairness

At the outset, it appears that Debtor violated the district court's vexatious litigant order by initiating this adversary case. There is no indication that Debtor obtained leave to file this complaint, which contains claims that apparently arise out of the same nucleus of facts and with respect to the same property that was in controversy in the district court case. Exercising jurisdiction over this new suit, which cannot conceivably affect the underlying chapter 13 case, would be patently unfair. Further, the complaint does not provide a clear basis for including many of the named defendants. This factor weighs against retaining jurisdiction.

Comity

This factor is neutral; the legal issues presented are commonly-litigated, settled law and may be addressed equally well in another forum.

The court finds that the circumstances in this case do not favor this court's retention of jurisdiction over this adversary proceeding. In light of the foregoing, it is hereby

ORDERED that this adversary case is DISMISSED. The clerk's office shall close the case upon entry of this order.

***END OF ORDER***

**COURT SERVICE LIST**

Fareed Sepehry-Fard
12309 Saratoga Creek Dr.
Saratoga, CA 95070

Via ECF:

All ECF Recipients